UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

PORTFOLIO ADVISORS VIII, LLC,

       Plaintiff,

v.                                CIVIL ACTION NO:  5:20-cv-00493

BLUESTONE RESOURCES, INC.,

       Defendant.

# Verified Complaint

For its Complaint against Bluestone Resources, Inc. ("Lessee"), Plaintiff Portfolio Advisors VIII, LLC ("Lessor") states and alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Lessor is a Delaware limited liability company with its principal place of business at 2935 Country Drive, Suite 102, Little Canada, Minnesota 55117.

2.      Lessor does not have any members that reside in Delaware, Virginia, or West Virginia.

3.      Lessee is a Delaware corporation with its principal place of business in Roanoke, Virginia, and with a registered agent located at Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

4.      This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this district, and the property at issue is located in this district.

## FACTUAL BACKGROUND

**The Lease**

6.     On October 9, 2017, Lessee entered into a Master Lease Agreement with Consultants Group Commercial Funding Corporation ("Original Lessor"), identified by contract number 105867, for the purpose of leasing equipment more fully described in a related lease schedule (the "Master Lease").

7.     A true and correct copy of the Master Lease is attached as **Exhibit 1**.

8.     In connection with the Master Lease, Lessee executed a Lease Schedule No. 1 (the "Lease Schedule"; together with the Master Lease, the "Lease").

9.     A true and correct copy of the Lease Schedule is attached as **Exhibit 2**.

10.     According to Exhibit A of the Lease Schedule, Lessee leased from Original Lessor the following equipment pursuant to the terms and conditions of the Lease:

| Year | Make | Model | Serial No. |
|------|------|-------|-----------|
| 2008 | Caterpillar | 992K Loader | H4C00297 |
| 2010 | Caterpillar | 993K Loader | Z9K00362 |
| 2010 | Caterpillar | D11T Dozer | GEB00611 |
| 2001 | Caterpillar | D10R Dozer/Tractor | 3KR01760 |
| 2010 | Caterpillar | 789C Rock Truck | 2BW01622 |

| 2006 | Caterpillar | 785C Rock Truck | APX0937 |
| 2006 | Caterpillar | 785C Rock Truck | APX00936 |
| 2008 | Caterpillar | 777F Rock Truck | JRP01527 |
| 2008 | Caterpillar | 777F Rock Truck | JRP01528 |
| 2011 | Caterpillar | 16M Motor Grader | R9H00283 |
| 2011 | SHM | Superior Highwall Miner System SHM-30 | SHM-30R-900 |
| 1981 | P&H | Model 2800 Mark II Electric Mining Shovels | J22260 |
| 1981 | P&H | Model 2800 Mark II Electric Mining Shovels | J24020 |

(the "Equipment").

11.     Original Lessor assigned the Lease to Lessor, and Lessee acknowledged the assignment as evidenced by that Notice and Acknowledgement of Assignment dated October 9, 2017 (the "Assignment Notice").

12.     A true and correct copy of the Assignment Notice is attached as **Exhibit 3**.

13.     Pursuant to the terms of the Lease Schedule and Paragraph 8 of the Master Lease, Lessee agreed to pay Lessor 36 consecutive monthly payments of $152,730.00 on or before the first day of each month beginning on January 1, 2018.

14.     Although unnecessary because the transaction involving the Equipment was a lease under Article 2A of the UCC rather than a loan governed by Article 9 of the UCC, on August 11, 2017, Original Lessor caused a UCC-1 Financing Statement identifying the Equipment to be filed with the Delaware Department of State, file number 2017 5343733 (the "Original Financing Statement").

15.     A true and correct copy of the Original Financing Statement is attached as **Exhibit 4**.

16.     On October 12, 2017, Lessor caused a UCC-1 Financing Statement Amendment to be filed with the Delaware Department of State, Amendment No. 2017 6810300, reflecting the assignment of the Original Financing Statement from Original Lessor to Lessor (the "Assignment Amendment").

17.     A true and correct copy of the Assignment Amendment is attached as **Exhibit 5**.

18.     On October 12, 2017, Lessor caused another UCC-1 Financing Statement Amendment to be filed with the Delaware Department of State, Amendment No. 2017 6811423, reflecting the change in the collateral included in the Original Financing Statement (the "Collateral Amendment").

19.     A true and correct copy of the Collateral Amendment is attached as **Exhibit 6**.

20.     Pursuant to Paragraph 11 of the Master Lease, Lessee is in default if:

- Lessee fails to pay when due any installment of Rent or any other sum owed by Lessee under a Lease and such failure continues for a period of ten (10) days;

- Lessee fails to perform or observe any covenant, condition or agreement to be performed or observed by it under a Lease and such failure continues uncured for ten (10) days after written notice thereof to Lessee by [Lessor]; or

- Lessee defaults in payment or performance of any obligation or indebtedness of any kind or description, whether direct, indirect, absolute, or contingent, due or to become due, now existing or hereafter arising.

21.     Pursuant to Paragraph 11 of the Master Lease, upon Lessee's default Lessor has the right, in its sole discretion, to exercise its remedies, which include, but are not limited to:

- Cancel[ing] a Lease effective on the date designated by [Lessor] that such Event of Default first occurred;

- Proceed[ing] by appropriate court action or actions or other proceedings either at law or equity to enforce performance by Lessee of any and all covenants of a Lease and to recover damages for the breach thereof;

- Without notice or liability or legal process, enter[ing] into any premises of or under control or jurisdiction of Lessee or any agent of Lessee where the Equipment may be or by [Lessor] is believed to be, and repossess all or any item thereof, disconnecting and separating all thereof from any other property and using all force necessary or permitted by applicable law so to do, Lessee hereby expressly waiving all further rights to possession of the Equipment and all claims for injuries suffered through or loss caused by such repossession or demand that Lessee deliver the Equipment forthwith to [Lessor] at Lessee's expense at such place as [Lessor] may designate;

- In the event [Lessor] repossesses the Equipment, [Lessor] may in [Lessor's] sole discretion elect to sell, re-lease or otherwise dispose of all or part of the Equipment or to retain all or part thereof, in such manner and on such terms and conditions as [Lessor] may determine in its sole discretion, with or without notice to Lessee, which Lessee hereby waives to the extent permitted by applicable law;

- Declar[ing] immediately due and payable any past unpaid Rent, late charges and any other amounts due hereunder that accrued on or before the occurrence of the Event of Default, plus as liquidated damages for loss of the bargain and not as a penalty, an amount equal to the Stipulated Value for the Equipment as of the Rent payment date immediately preceding the date [Lessor] declares the Lease in default, in addition, all attorney and court costs incurred by [Lessor] as a result of an Event of Default or relating to the enforcement of its rights under a Lease.

22.     Pursuant to Paragraph 8 of the Master Lease, Lessee agreed that "[l]ate charges on any past due Rent, taxes, or other charges hereunder shall accrue at the rate of

$.05 per dollar (5%) per month of the unpaid amount . . . beginning with the date that such amount was due and continuing until the amount is paid."

23.     Pursuant to Paragraph 13 of the Master Lease, Lessee waived any right to trial by jury.

**Lessee's Defaults under the Lease**

24.     Lessee has failed to pay the monthly installment amounts required under the Lease since February 1, 2020.

25.     As of June 25, 2020, the total amount due and owing under the Lease, exclusive of Lessor's reasonable attorneys' fees and costs, additional late-payment charges that accrue, and prejudgment interest, is $985,108.50.

26.     Late-payment charges and interest will continue to accrue on the outstanding balance owed under the Lease until the date of full payment.

27.     Lessor has incurred, and will continue to incur, attorneys' fees and costs related to this action, which Lessor is entitled to recover pursuant to the terms of the Lease.

28.     Due to Lessee's defaults under the Lease, on June 25, 2020, Lessor delivered a Notice of Default to Lessee (the "Notice of Default").

29.     A true and correct copy of the Notice of Default is attached as **Exhibit 7**.

30.     Lessee has failed to cure the defaults under the Lease.

31.     Lessee is in default under the Lease.

32.     As a result of Lessee's default under the Lease, Lessor is entitled to exercise its rights and remedies under the Lease.

## COUNT 1: BREACH OF CONTRACT

33.     Lessor restates and re-alleges the preceding paragraphs as if fully set forth herein.

34.     The Lease is a valid and enforceable contract.

35.     Lessor has fully performed its obligations under the Lease.

36.     Based on the foregoing facts, Lessee is in default under the Lease by failing to make the required payments to Lessor.

37.     Based on the foregoing facts, as of June 25, 2020, the total amount due and owing under the Lease, exclusive of Lessor's reasonable attorneys' fees and costs, additional late-payment charges that accrue, and prejudgment interest, is $985,108.50.

38.     Pursuant to the terms of the Lease, Lessor is entitled a judgment against Lessee in the amount of $985,108.50 as of June 25, 2020, plus interest through the date of judgment, all other amounts due under the Lease, and Lessor's reasonable attorney's fees, costs, and disbursements.

39.      Pursuant to the terms of the Lease, Lessor is entitled to possession of the Equipment.

## COUNT 2: DETINUE – W. VA. CODE ANN. § 55-6-1, ET SEQ. AND REPLEVIN - FED. R. CIV. P. 64

40.     Lessor restates and re-alleges the preceding paragraphs as if fully set forth herein.

41.     On information and belief, the Equipment is located at the following addresses:

| Year | Make | Model | Serial No. | Address |
|------|------|-------|-----------|---------|
| 2008 | Caterpillar | 992K Loader | H4C00297 | 497 Rocket Boys Road, Squire, WV 24884 |
| 2010 | Caterpillar | 993K Loader | Z9K00362 | 497 Rocket Boys Road, Squire, WV 24884 |
| 2010 | Caterpillar | D11T Dozer | GEB00611 | 497 Rocket Boys Road, Squire, WV 24884 |
| 2001 | Caterpillar | D10R Dozer/Tractor | 3KR01760 | 351 Steel Road, North Fork, WV |
| 2010 | Caterpillar | 789C Rock Truck | 2BW01622 | 497 Rocket Boys Road, Squire, WV 24884 |
| 2006 | Caterpillar | 785C Rock Truck | APX0937 | 497 Rocket Boys Road, Squire, WV 24884 |
| 2006 | Caterpillar | 785C Rock Truck | APX00936 | Highway 194 East, Phelps, KY |
| 2008 | Caterpillar | 777F Rock Truck | JRP01527 | State Route 606, Keokee, VA |
| 2008 | Caterpillar | 777F Rock Truck | JRP01528 | 497 Rocket Boys Road, Squire, WV 24884 |
| 2011 | Caterpillar | 16M Motor Grader | R9H00283 | 497 Rocket Boys Road, Squire, WV 24884 |
| 2011 | SHM | Superior Highwall Miner System SHM-30 | SHM-30R-900 | 351 Steel Road, North Fork, WV |
| 1981 | P&H | Model 2800 Mark II Electric Mining Shovels | J22260 | 497 Rocket Boys Road, Squire, WV 24884 |
| 1981 | P&H | Model 2800 Mark II Electric Mining Shovels | J24020 | 497 Rocket Boys Road, Squire, WV 24884 |

42.     Due to Lessee's default under the Lease, Lessor is entitled to enforce its rights under the Lease.

43.     Due to Lessee's default under the Lease, Lessor is entitled to take immediate possession and control of the Equipment, and Lessee should be enjoined from selling, removing, transferring, or otherwise disposing of or wasting the Equipment.

44.     Due to Lessee's default under the Lease, Lessor is entitled to a judgment declaring that it may, at its discretion, dispose of the Equipment at one or more sales in any manner consistent with applicable law.

45.     Due to Lessee's default under the Lease, Lessor is entitled to move the Court for possession of the Equipment prior to final judgment and to request an order that if the Equipment is concealed or enclosed in any of Lessee's premises, including but not limited to the premises located at the four different locations listed above, and public demand made by the Sheriff for its delivery is refused, the Sheriff shall cause said premises to be broken open by force and the Equipment taken therefrom.

**WHEREFORE,** Lessor respectfully requests that the Court grant the following relief:

1.     Enter an order granting immediate injunctive relief to prevent any further use of the Equipment, as any use will permanently and irreparably diminish the value of the Equipment and constitute waste;

2.     Enter an order directing all Equipment to be marshalled at a location to be determined by the Lessor;

3.     Enter an order permitting immediate inspection of all Equipment;

4.     Enter judgment and an order granting Lessor the exclusive right to possession of the Equipment and directing Lessee to deliver, or cause to be delivered, the Equipment to a location to be designated by Lessor or the Court and, if necessary, directing law enforcement to seize the Equipment and deliver possession to Lessor or its agent;

5.      Enter an order affording Lessor appropriate protection pending the outcome of this action and such time thereafter as may be necessary to implement the judgments, orders or decrees of this Court, thereby enjoining any party and any of their respective agents, servants, attorneys or associates from selling, disposing, encumbering, mortgaging, leasing, moving, operating, pledging, or in any manner adversely affecting the interests of Lessor in the Equipment;

6.      Determine that the Lease is a valid contract and enforceable in accordance with its terms;

7.      Adjudge the amount due pursuant to the terms of the Lease, which as of June 25, 2020, and exclusive of Lessor's reasonable attorneys' fees and costs, additional interest, and any other sums that may recoverable under the Lease, was $985,108.50 (the "Outstanding Balance"), together with interest accruing through the date of judgment, all further amounts as may now or hereafter be due under the Lease and Lessor's reasonable attorneys' fees, costs and disbursements;

8.      Enter judgment against the Lessee for the Outstanding Balance, together with interest accruing through the date of judgment, all further amounts as may now or hereafter be due under the Lease and Lessor's reasonable attorneys' fees, costs and disbursements; and

9.      Grant Lessor such other and further relief as the Court deems just and equitable.

Dated:  July 20, 2020

PORTFOLIO ADVISORS VIII, LLC,

By Counsel

/s/ J. Mark Adkins
J. Mark Adkins (WVSB #7414)
BOWLES RICE LLP
600 Quarrier Street (25301)
Post Office Box 1386
Charleston, West Virginia 25325-1386
(304) 347-1100
Fax:  (304) 347-1756
madkins@bowlesrice.com

-and-

Timothy M. Kelley (MN Bar No. 0303847)
Kevin P. Kitchen (MN Bar No. 0399297)
*(Statements of Visiting Attorney Forthcoming)*
STINSON LLP
50 South Fifth Street, Suite 2600
Minneapolis, MN 55402
Telephone:  (612) 335-1500
Email: timothy.kelley@stinson.com
Email: kevin.kitchen@stinson.com