UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

PORTFOLIO ADVISORS VIII, LLC,

        Plaintiff,

v.                                      CIVIL ACTION NO. 5:20-cv-00493

BLUESTONE RESOURCES, INC.

        Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are Plaintiff Portfolio Advisors VIII, LLC's ("Portfolio") Motion for Detinue [Doc. 3], filed July 28, 2020, and Defendant Bluestone Resources, Inc.'s ("Bluestone") Motion to Dismiss Portfolio's Verified Complaint, filed August 13, 2020. [Doc. 20]. Bluestone responded in opposition to Portfolio's Motion for Detinue on August 13, 2020 [Doc. 22], to which Portfolio replied on August 20, 2020. [Doc. 24]. Portfolio responded to Bluestone's Motion to Dismiss on August 27, 2020. [Doc. 27].

On August 31, 2020, the Court held a hearing on Portfolio's Motion for Detinue. The Court ordered Bluestone to reply to Portfolio's response to the Motion to Dismiss and simultaneously file a surreply to the Motion for Detinue by September 4, 2020. The Court further ordered that Portfolio respond to the surreply on the Motion for Detinue on or before September 9, 2020. The matter is ready for adjudication.

I.

On October 9, 2017, Bluestone entered into a lease agreement with Consultants Group Commercial Funding (the "original lessor") for the purpose of leasing thirteen pieces of

heavy equipment described in the related lease schedule. [Doc. 1-2]. On that same date, the original lessor assigned the lease to Portfolio, which Bluestone acknowledged. [Doc. 1-4]. Under the terms of the lease agreement and lease schedule, Bluestone agreed to pay Portfolio thirty-six (36) monthly payments of $152,730 on or before the first of each month, beginning January 1, 2018. [Doc. 1-3]. Portfolio alleges that Bluestone defaulted inasmuch as it has not made the required monthly payment since February 1, 2020.

On June 25, 2020, Portfolio sent Bluestone a notice of default, which Bluestone has failed to cure. [*See* Doc. 1-8]. Given Bluestone's alleged default, Portfolio contends that the total amount due and owing under the lease, exclusive of attorney fees and costs, additional accrued late-charges, and prejudgment interest, is $985,108.50. As a result of Bluestone's default, Portfolio seeks immediate possession of the leased equipment, which is presently located in West Virginia.

Portfolio instituted this action on July 20, 2020 for detinue pursuant to W. Va. Code § 55-6-1 through 55-6-7 and *Federal Rule of Civil Procedure* 64 and alleging breach of contract by Bluestone. [Doc. 1]. On July 28, 2020, Portfolio formally moved for detinue. [Doc. 3]. Portfolio contends that it is entitled to detinue inasmuch as it has shown that Bluestone has no right to possession of the equipment given Bluestone's default under the lease. Portfolio thus contends that it is likely to prevail on the merits of its claims and requests the Court to issue a writ of possession. Portfolio further asserts immediate relief is essential, inasmuch as the equipment is (1) moveable, (2) is depreciating, and (3) can either be relocated at will or concealed to frustrate bargained-for remedies.

On August 13, 2020, Bluestone responded in opposition to Portfolio's Motion for Detinue and simultaneously filed the Motion to Dismiss Portfolio's Complaint. Bluestone contends that dismissal is warranted pursuant to Rules 12(b)(3) and 12(b)(6). Bluestone contends

that the Complaint should be dismissed pursuant to Rule 12(b)(3) inasmuch it was filed in an improper venue. In support, Bluestone asserts that the lease agreement contains a valid forum selection clause vesting exclusive jurisdiction in any federal or state court located in California. Alternatively, Bluestone asserts that Portfolio's detinue claim should be dismissed pursuant to Rule 12(b)(6) inasmuch as it is not pled under California law as required by the lease agreement. Bluestone also asserts that the Court should abstain from exercising jurisdiction over Portfolio's breach of contract claim pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), as Bluestone has initiated parallel litigation in the Circuit Court of Roanoke, Virginia. These contentions also form part of the basis for Bluestone's opposition to Portfolio's Motion for Detinue. The Court will first address Bluestone's Motion to Dismiss and then proceed to Portfolio's Motion for Detinue.

## II.

### A. Governing Standards

Respecting the Rule 12(b)(6) motion, Rule 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *overruled on other grounds*, *Twombly*,

550 U.S. at 562-63); *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." *Twombly*, 550 U.S. at 558. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *McCleary-Evans*, 780 F.3d at 585; *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Wright v. N. Carolina*, 787 F.3d 256, 270 (4th Cir. 2015); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (internal quotation marks and citation omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly* 550 U.S. at 570.

As noted in *Iqbal*, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a court to "'accept as true all of the factual allegations contained in the complaint . . . .'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Twombly*, 550 U.S. at 555); *see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co.*, 372 F.3d 245, 255 (4th Cir. 2004) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)). The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). A plaintiff may bring an action in: (1) a judicial district in which any defendant resides, if all defendants are residents of the same state; (2) a judicial district in which a substantial part of the

events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is located; or (3) a judicial district in which any defendant is subject to personal jurisdiction, if no other district is proper under this section. *See* 28 U.S.C. § 1391(b).

Respecting the Rule 12(b)(3) motion, our Court of Appeals has concluded that "[a] motion to dismiss based on a contractual forum selection clause is properly analyzed as a motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3)." *See Am. Ins. Mktg. Corp. v. 5 Star Life Ins. Co.*, 958 F. Supp. 2d 609, 612 (D. Md. 2013) (citing *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)). "Under Rule 12(b)(3) the court is allowed to freely consider evidence outside the pleadings, unlike under a 12(b)(6) motion." *Silo Point II LLC v. Suffolk Const. Co.*, 578 F.Supp.2d 807, 809 (D. Md. 2008) (citing *Sucampo Pharms., Inc.*, 471 F.3d at 550)). "[W]here no evidentiary hearing is held, a plaintiff need only make 'a prima facie showing of proper venue in order to survive a motion to dismiss.'" *Am. Ins. Mktg. Corp.*, 958 F.Supp.2d at 612 (quoting *Aggarao v. MOL Ship Mgt. Co., Ltd.*, 675 F.3d 355, 366 (4th Cir. 2012)). In assessing whether a prima facie showing has been made, "[a]ll reasonable inferences must still be drawn in light most favorable to the plaintiff." *Id.*

### III.

**A.    Improper Venue**

As noted, Bluestone contends this matter was filed in the improper venue inasmuch as the lease agreement contains a valid forum selection clause vesting exclusive jurisdiction in any court located in California. Portfolio responds, however, that the express language of the forum selection clause does not prohibit proceedings seeking to retrieve the equipment in accordance

with applicable state laws. Specifically, Portfolio asserts that the forum selection clause expressly contemplates and permits the exercise of self-help remedies, including writs of possession, to be brought outside of California and in jurisdictions where the equipment might be located. Given that it is undisputed that the equipment at issue is located in West Virginia, Portfolio contends that venue is proper there pursuant to 28 U.S.C. § 1391.

Paragraph 13 of the parties' lease agreement provides pertinently as follows:

> Each Lease shall be governed by and construed in accordance with, the laws of the State of California, without giving effect to the principles of conflicts of laws. Each Lease is entered into and is to be performed in the County of Orange in the State of California. Lessee submits and consents to the exclusive jurisdiction of any claims or causes of action arising directly or indirectly from each Lease in any federal or state court located in the State of California . . . *Notwithstanding the foregoing, nothing in this paragraph shall limit any party's right at any time to exercise self-help remedies, foreclose against the Equipment or other collateral or obtain provisional remedies (including without limitation, requests for temporary restraining orders, preliminary injunctions, writs of possession, writs of attachment, appointment of a receiver, or any orders that a court may issue to preserve the status quo, to prevent irreparable injury or to allow a party to enforce its liens and security interests.)* . . .

[Doc. 1-2 at 5 (emphasis added)]. The plain language of Paragraph 13 renders venue here proper. Indeed, as Portfolio correctly indicates, the express language of the lease does not limit either parties' right to exercise self-help or provisional remedies outside of California. Instead, the forum selection clause is inapplicable where a party seeks to exercise these remedies in a state where the equipment is located, which is precisely the case here. Inasmuch as it is undisputed that the subject equipment is located in this District, venue is proper here under 28 U.S.C. § 1391(b).

B.  **Governing Law Provision**

Bluestone next contends that Portfolio's detinue claim should be dismissed pursuant to Rule 12(b)(6) inasmuch as the claim is pled pursuant to West Virginia law and not

6

California law as required Paragraph 13. Bluestone further asserts that had Portfolio asserted its detinue claim under California law as required, the claim would fail as it did not comply with California's "proof of demand" requirement. Portfolio responds that inasmuch as the lease affords it the right to file a detinue or similar action in any state where the equipment is located, the law of the state where the equipment is located applies. As such, Portfolio contends that it properly asserted its detinue claim under West Virginia law.

As explained in detail above, Paragraph 13 expressly provides that the forum selection clause is inapplicable when a party seeks to exercise self-help or provisional remedies outside of California. The same can be said for the governing law provision likewise found in Paragraph 13. Indeed, it would defy commonsense to read Paragraph 13 as permitting Portfolio to bring its claim for detinue in West Virginia, but then require Portfolio to assert the claim under California law. *See Ex parte Textron, Inc.*, 67 So.3d 61, 67 (Ala. 2011) (concluding that despite the financing agreement's Rhode Island forum selection and governing law clauses, "[b]ecause the property . . . sought to repossess[ed] was in Alabama, any action for repossession of that property lay in Alabama where the property could be found."). Moreover, Rule 64 "requires the federal courts considering actions for the seizure of property to apply '*the law of the state where the court is located*.'" *Id.* (quoting Fed. R. Civ. P. 64) (emphasis added). Accordingly, the Court concludes that West Virginia law applies to Portfolio's detinue claim.

### C. Abstention

Lastly, Portfolio asserts that the Court should abstain from exercising jurisdiction over Portfolio's breach of contract claim pursuant to the *Colorado River* doctrine.

Leaving aside the policies underlying the traditional grounds for abstention, the Supreme Court's decision in *Colorado River*, "solely as a matter of judicial administration, permits dismissal of a duplicative federal action when '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation' clearly favors abstention." *Chase Brexton Health Servs., Inc. v. Maryland*, 411 F.3d 457, 463 (4th Cir. 2005) (quoting *Colorado River*, 424 U.S. at 817). Notably, however, "[a]s has been reiterated time and again, the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Gannett Co., Inc. v. Clark Const. Group, Inc.*, 286 F.3d 737, 741 (4th Cir. 2002) (quoting *Colorado River*, 424 U.S. at 817)). In other words, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River*, 424 U.S. at 813 (1976). Thus, "in assessing whether *Colorado River* abstention is appropriate, a district court must remain mindful that this form of abstention 'is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.'" *Chase Brexton Health Servs., Inc.*, 411 F.3d at 464 (quoting *Colorado River*, 424 U.S. at 813). Moreover, the district court must recognize that "[a]bdication of the obligation to decide cases can be justified under [abstention] only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *Id.*

"For a federal court to abstain under the *Colorado River* doctrine, two conditions must be satisfied." *Gannett,* 286 F.3d at 741. First, "there must be parallel proceedings in state and federal court, and "[s]econd, 'exceptional circumstances' warranting abstention must exist." *Id.* "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *Id.* (citing *New Beckley Mining Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991). "If parallel suits exist, then a district court must carefully balance several factors, 'with

the balance heavily weighted in favor of the exercise of jurisdiction.'" *Chase Brexton Health Servs., Inc.*, 411 F.3d at 463 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). While the Supreme Court has not established a rigid test, it has recognized six factors in determining whether exceptional circumstances exist: "(1) jurisdiction over the property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal law is implicated; and (6) whether the state court proceedings are adequate to protect the parties' rights." *Gannett*, 286 F.3d at 741 (citing *Colorado River*, 424 U.S. at 818).

Bluestone contends that the Court should abstain from exercising jurisdiction over Portfolio's contract claim given that it has initiated parallel litigation in Virginia state court concerning the same equipment at issue here. [*See* Doc. 20-2]. Bluestone asserts that the state court litigation precedes the instant matter by several weeks and that proceeding with this matter risks conflicting rulings regarding the disposition of the equipment, thus warranting abstention.

While both actions involve virtually the same parties[1], the claims are not substantially similar, and hence not parallel. As noted, this matter involves an alleged breach of the parties' lease agreement and an effort to recover the equipment due to the breach. In contrast, Bluestone's state court action involves an alleged breach of an entirely different purported contract[2], a promissory estoppel claim, and a constructive fraud claim. While both actions involve

---

[1] This action is between Portfolio Advisors VIII, LLC, and Bluestone Resources, Inc. Similarly, the state court action is between Bluestone Resources, Inc. and James C. Justice, III, and Portfolio Advisors VIII, LLC, and John Seibel. Mr. Justice is the president and partial owner of Bluestone Resources, Inc. Mr. Seibel is an agent of Portfolio Advisors VIII, LLC.

[2] The state court action involves an alleged agreement between Mr. Justice and Mr. Seibel for the sale of certain pieces of the equipment at issue here to a potential third-party buyer in order to extinguish Bluestone's obligation under the lease agreement. Allegedly, Mr. Seibel promised to

9

the same equipment, "[s]ome factual overlap does not dictate that proceedings are parallel." *New Beckley Min. Corp. v. Int'l Union, UMWA*, 946 F.2d 1072, 1074 (4th Cir. 1991). Indeed, "the *Colorado River* doctrine does not give federal courts *carte blanche* to decline to hear cases within their jurisdiction merely because issues or factual disputes in those cases may be addressed in past or pending proceedings before state tribunals." *Id.* (quoting *United States v. SCM Corp.*, 615 F.Supp. 411, 417 (D. Md. 1985) (internal quotations omitted). Accordingly, the Court concludes that *Colorado River* abstention is inappropriate given the absence of parallel actions.

Moreover, assuming that parallel suits existed, the exceptional circumstances necessary to justify the surrender of federal jurisdiction are lacking. While Bluestone contends that proceeding with the instant matter risks conflicting orders regarding the disposition of the equipment, the "mere potential for conflict in the results of adjudications, does not without more, warrant staying exercise of federal jurisdiction." *Colorado River*, 424 U.S. at 816; *see also Gannett*, 286 F.3d at 744 (concluding "[t]he threat of inconsistent results and the judicial inefficiency inherent in parallel breach of contract litigation . . . are not enough to warrant abstention").

For the foregoing reasons, the Court **DENIES** Bluestone's Motion to Dismiss.

### IV.

A.   **Governing Standard**

Pursuant to Rule 64, "At the commencement of and throughout an action, every remedy is available, that under the state where the court is located, provides for seizing a person

---

have the third-party approved for the requisite credit within a week but failed to do so, and the sale fell through.

10

or property to secure satisfaction of the potential judgment." *West Virginia Code* § 55-6-1 authorizes immediate recovery of personal property after service of the summons and verified complaint describing the property upon the defendant, and a prejudgment hearing is held. The Court must determine (1) "the nature of the right or contract which the plaintiff claims a right to immediate possession;" and (2) "the nature of the defendant's right to retain possession thereof." W. Va. Code § 55-6-1. Upon a determination that "there is a substantial probability that the plaintiff will prevail upon trial of the action upon the merits," the Court may

> order that, upon the plaintiff's execution of a bond, with good security to be approved by the clerk of the circuit court or the magistrate and delivered to said clerk or magistrate in a penalty at least double the value of the property claimed, payable to the defendant and with condition to pay all costs and damages which may be awarded against the plaintiff, or sustained by any person by reason of said civil action and to have the property so claimed forthcoming to answer any judgment or order of the court or magistrate in said civil action, the property claimed, or any part thereof described or designated by the court or magistrate, be seized by and taken into the possession of a designated officer.

W. Va. Code § 55-6-2.

Bluestone contends that Portfolio's motion should be denied inasmuch as the affidavit of John Seibel is insufficient to establish the value of the equipment and the requisite bond. Specifically, Bluestone asserts that establishing the value of the equipment requires opinion testimony from a qualified expert and, "to the extent Mr. Seibel's affidavit is an attempt at providing expert opinion testimony, it should be rejected outright." [Doc. 22 at 2]. Bluestone further asserts the Mr. Seibel's affidavit fails to set forth his qualifications related to the valuation of heavy equipment and fails to provide a basis for the opined value.

Portfolio replies that as a representative of the owner of the equipment, Mr. Seibel is qualified to provide testimony as to its value based upon his personal knowledge. Portfolio further contends that the Court should not require a bond for the equipment given that Bluestone

11

has no right to the same due to its default under the lease. Portfolio asserts that requiring a bond places an unnecessary additional step in the process of it recovering the equipment. Portfolio states, however, that should the Court find it necessary, it is prepared to post a bond in the amount of $9,544,000, which is double the amount of the estimated value of the equipment.

"Courts indulge a common-law presumption that a property owner is competent to testify on the value of his own property." *Christopher Phelps & Associates v. Galloway*, 492 F.3d 532, 542 (4th Cir. 2007). Further, "the owner of destroyed or damaged personal property is qualified to give lay testimony as to the value of the personal property based on his or her personal knowledge. When the value of the personal property is disputed, the ultimate determination of the value of personal property must be resolved by the trier of fact." *Evans v. Mut. Min.*, Syl. Pt. 2, 199 W. Va. 526, 530-31, 485 S.E.2d 695, 699-700 (W. Va. 1997); *see also Hayes v. Glenn*, 91 S.E.2d 433, 436 (Va. 1956) ("It is generally recognized that the opinion testimony of the owner of property, because of his relationship as owner, is competent and admissible on the question of the value of such property regardless of his knowledge of property values.").

Portfolio owns the subject equipment, and Mr. Seibel, as an authorized representative of Portfolio with first-hand knowledge, is thus competent to provide a valuation. Moreover, Mr. Seibel's affidavit states that he "has been involved in the commercial equipment financing industry for approximately 30 years," and his "experience includes the financing, leasing, and valuation of heavy equipment, including equipment used in coal mining and other similar industries." [Doc. 3-1 at 1]. Based on his experience and first-hand knowledge, Mr. Seibel estimates the total value of the equipment to be $4,772,000. Given Mr. Seibel's knowledge of the equipment and his familiarity with the valuation of the type of equipment at issue, the Court may rely on his affidavit in determining the value of the property and the appropriate bond amount.

Upon careful consideration of the verified complaint, the documents attached thereto, and the briefs submitted by both parties, the Court concludes that there is a "substantial probability" that Portfolio would prevail on the merits of its claims. Indeed, the lease agreement entitles Portfolio to take possession of the equipment and exercise all other contractual and legal remedies available to it in the event of Bluestone's default. [*See* Doc. 1-2 at 3]. Bluestone is clearly in default under the terms of the lease agreement given its failure to make the requisite monthly payments. Thus, Bluestone retains no right of possession of the equipment, and Portfolio is entitled to take immediate possession of the same. Accordingly, the Court **GRANTS** Portfolio's Motion for Detinue.

V.

Based upon the foregoing discussion, the Court **DENIES** Bluestone's Motion to Dismiss [**Doc. 20**], and **GRANTS** Portfolio's Motion for Detinue [**Doc. 3**]. The Court **ORDERS** as follows:

1. The subject equipment in this action compromises and consists of the following items listed below:

| Year | Make | Model | Serial No. | Address |
|---|---|---|---|---|
| 2008 | Caterpillar | 992K Loader | H4C00297 | 497 Rocket Boys Road Squire, WV 24884 |
| 2010 | Caterpillar | 993K Loader | Z9K00362 | 497 Rocket Boys Road Squire, WV 24884 |
| 2010 | Caterpillar | D11T Dozer | GEB00611 | 497 Rocket Boys Road Squire, WV 24884 |
| 2001 | Caterpillar | D10R Dozer/Tractor | 3KR01760 | 351 Steel Road, North Fork, WV |
| 2010 | Caterpillar | 789C Rock Truck | 2BW01622 | 497 Rocket Boys Road Squire, WV 24884 |
| 2006 | Caterpillar | 785C Rock Truck | APX0937 | 497 Rocket Boys Road Squire, WV 24884 |

| 2006 | Caterpillar | 785C Rock Truck | APX00936 | Highway 194 East Phelps, KY |
| 2008 | Caterpillar | 777F Rock Truck | JRP01527 | State Route 606 Keokee, VA |
| 2008 | Caterpillar | 777F Rock Truck | JRP01528 | 497 Rocket Boys Road Squire, WV 24884 |
| 2011 | Caterpillar | 16M Motor Grader | R9H00283 | 497 Rocket Boys Road Squire, WV 24884 |
| 2011 | SHM | Superior Highwall Miner Sys. SHM-30 | SHM-30R-900 | 351 Steel Road North Fork, WV |
| 1981 | P&H | Model 2800 Mark II Electric Mining Shovels | J22260 | 497 Rocket Boys Road Squire, WV 24884 |
| 1981 | P&H | Model 2800 Mark II Electric Mining Shovels | J24020 | 497 Rocket Boys Road Squire, WV 24884 |

2. Bluestone shall surrender the equipment to Portfolio or law enforcement, and Portfolio or law enforcement are hereby directed to take immediate possession of the equipment. If the equipment is surrendered to law enforcement, it shall be immediately delivered to Portfolio;

3. If Bluestone fails to surrender the equipment, law enforcement is authorized to enter Bluestone's property at the locations identified above, demand Bluestone disclose the location of the equipment, and take immediate possession of the equipment and deliver it to Portfolio;

4. Bluestone shall cooperate with law enforcement and shall timely surrender possession of the equipment upon arrival;

5. If the equipment is concealed in a building or elsewhere, and a public demand made by law enforcement for is delivery is refused or there is no response, law enforcement shall cause the building or enclosure to be broken open and shall take the property therefrom.

6. Portfolio is authorized to immediately sell or otherwise dispose of the equipment as set

forth in the lease pending final hearing on the merits; and

7. Portfolio is not required to file a bond.

The Court directs the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTERED: September 30, 2020



Frank W. Volk
United States District Judge