UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

PORTFOLIO ADVISORS VIII, LLC,

        Plaintiff,

v.

                                        CIVIL ACTION NO. 5:20-cv-00493

BLUESTONE RESOURCES, INC.

        Defendant.


**MEMORANDUM OPINION AND ORDER**

        Pending is Defendant Bluestone Resources, Inc.'s ("Bluestone") Motion to Transfer Venue [Doc. 47], filed October 20, 2020.


**I.**


        On July 20, 2020, Portfolio instituted this action, seeking possession of leased equipment due to an alleged breach of the parties' equipment lease. Specifically, Portfolio alleged claims for detinue and breach of contract. On July 28, 2020, Portfolio filed a Motion for Detinue, seeking surrender of the equipment at issue. [Doc. 3]. The Court granted Portfolio's Motion and ordered Bluestone to surrender the equipment to Portfolio or law enforcement upon Portfolio's posting of a performance bond in the amount of $9,544,000. [*See* Docs. 33 & 45].

        Prior to this matter, on June 26, 2020, James C. Justice, III, and Bluestone filed an action ("the Virginia action") in the Circuit Court for the City of Roanoke, Virginia, seeking to enforce an alleged agreement with Portfolio and its managing member, John Seibel. Although filed prior to the instant matter, Portfolio was not served with the Virginia action until September 15,

2020, nearly two months after this case was initiated. The Virginia action was removed to the United States District Court for the Western District of Virginia on October 15, 2020.

On October 8, 2020, Bluestone filed its answer and counterclaim in this case. Bluestone's counterclaim asserts virtually identical claims to those contained in the Virginia action, the exception being that Mr. Seibel and Mr. Justice are not parties to the counterclaim or otherwise involved in this action. On October 20, 2020, Bluestone filed its Motion to Transfer Venue. Bluestone moves to transfer the instant matter to the United States District Court for the Western District of Virginia inasmuch as (1) the current litigation could have been brought there, and (2) all relevant factors weigh in favor of transfer.

Portfolio responds that the transfer should be denied inasmuch as it would have been impractical for Portfolio to bring this action in Virginia, and Virginia is an inconvenient forum. Specifically, Portfolio contends that it did not initiate this case in the Western District of Virginia given that most of the equipment it seeks to recover is located in southern West Virginia. Furthermore, Portfolio asserts that transfer would disrupt the efficient litigation of this matter inasmuch as the Court has already granted Portfolio's Motion for Detinue. Bluestone did not reply.

## II.

### A.    Governing Standard

Pursuant to 28 U.S.C. 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The statute contemplates "two inquiries: (1) whether the claims might have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and

witnesses justify transfer to that forum." *JTH Tax, Inc. v. Lee*, 482 F. Supp. 2d 731, 735 (E.D. Va. 2007). Our Court of Appeals has identified four factors to be considered when analyzing the second inquiry: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trustees of the Plumbers & Pipefitters Nat. Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015)*.*

Additionally, "[t]he proponent of transfer has the burden of persuasion, and transfer will be denied if it merely shifts the inconvenience from the defendant to the plaintiff." *Int'l Union, United Mine Workers of Am. v. CONSOL Energy, Inc.*, 465 F. Supp. 3d 556, 585 (S.D.W. Va. 2020). "It is well settled that the decision whether to transfer a matter to another district is committed to the sound discretion of the district court." *Vass v. Volvo Trucks North America, Inc.*, 304 F. Supp. 2d 851, 857 (S.D.W. Va. 2004).

## B.    Analysis

As a threshold matter, it appears undisputed that Portfolio might have brought this action in the Western District of Virginia given that Bluestone's principal place of business is in Virginia. Portfolio maintains, however, that such a decision would have been impractical inasmuch as eleven of the thirteen pieces of equipment at issue are located in southern West Virginia. The Court will thus focus its analysis on the four factors recited above in determining whether transfer is warranted.

### 1.  Plaintiff's Choice of Venue

"As a general rule, a plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate." *Trustees of the Plumbers & Pipefitters Nat. Pension*

*Fund*, 791 F.3d at 444 (internal quotations omitted). This is especially true "where the chosen forum is the plaintiff's home or bears a substantial relation to the cause of action." *comScore, Inc. v. Integral Ad Sci., Inc.*, 924 F. Supp. 2d 677, 682 (E.D. Va. 2013) (internal quotations omitted). Thus, "where 'a plaintiff [] prove[s] a legitimate connection to the [chosen] district,' this factor 'strongly weigh[s] against transfer.'" *Id.* (quoting *Pragmatus AV, LLC v. Facebook, Inc.*, 769 F. Supp. 2d 991, 995 (E.D. Va. 2011)).

While Bluestone is correct that Portfolio is not a resident of this District, Portfolio has established a legitimate connection here inasmuch as the majority of the equipment it seeks to recover is located here. Accordingly, the Court concludes that this factor weighs strongly against transfer.

## 2. Witness Convenience and Access

As to the second factor, Bluestone contends that all of its witnesses reside in the Western District of Virginia. Bluestone further asserts that Portfolio and its witnesses are located in either Delaware, California, or Minnesota and thus will have to travel whether this action is sited in Virginia or West Virginia.

Given the location of Portfolio's potential witnesses, the Court agrees that there would be little to no additional inconvenience if they were required to travel to Virginia instead of West Virginia. The Court notes, however, that while the convenience for witnesses may slightly weigh in favor of Bluestone, any inconvenience upon Bluestone's witnesses would be minimal given the relatively short distance between the two Districts. Accordingly, the Court concludes this factor is neutral.

4

### 3. Convenience of the Parties

As to the third factor, Bluestone again asserts that it and its witnesses are located in Virginia, and it is no less inconvenient for Portfolio to litigate in Virginia than West Virginia. As to the location of the equipment at issue, Bluestone maintains that "[t]he equipment located in West Virginia is equidistant from this Court and Roanoke, Virginia and, if any difference exists, it is minor." [Doc. 48 at 4]. Portfolio responds, however, that "[t]he U.S. Marshal in West Virginia will enforce the Detinue Order for Equipment located in West Virginia, and if necessary, Portfolio . . . may have to work with the local sheriff's office." [Doc. 53 at 4]. As such, Portfolio avers that West Virginia is the most convenient forum inasmuch it is where the majority of equipment it seeks to recover is located.

The Court concludes that this District is the most convenient forum given that the Court has already granted Portfolio's Motion for Detinue, and the bulk of the equipment it seeks to recover is located here. Again, while it is true that Virginia may be a slightly more convenient forum for Bluestone, "the purpose and function of § 1404(a) is not to shift the balance of inconvenience from defendant to plaintiff." *Noetic Specialty Ins. Co. v. N. Carolina Mut. Wholesale Drug Co.*, 453 F. Supp. 3d 842, 847 (E.D. Va. 2020) (internal quotations omitted). As such, the Court concludes that this factor does not weigh in favor of transfer.

### 4. Interest of Justice

"The 'interest of justice' category is designedly broad." *JTH Tax, Inc.*, 482 F. Supp. 2d at 738. Indeed, this broad factor is intended to encompass "those factors unrelated to witness and party convenience." *Acterna, L.L.C. v. Adtech, Inc.*, 129 F. Supp. 2d 936, 939-40 (E.D. Va.

2001). Instead, "the interest of justice encompasses public interest factors aimed at systematic integrity and fairness." *Byerson v. Equifax Information Servs., LLC*, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (internal quotations omitted). "Most prominent among the elements of systematic integrity are judicial economy and the avoidance of inconsistent judgments." *Id.* Additionally, "[f]airness is assessed by considering docket congestion, interest in having local controversies decided at home, knowledge of applicable law, unfairness in burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." *Id.*

Bluestone contends that judicial economy is best served by transfer. Specifically, Bluestone asserts that "[i]f the cases remain separated, there will be tremendous overlap between these cases that will lead to duplicative discovery, trial time, and wasted resources, not to mention increasing the chance of disparate outcomes in the different courts."[1] [Doc. 48 at 5]. Portfolio responds that given the Court's familiarity with West Virginia's laws on detinue and that it has already granted Portfolio's motion regarding the same, transfer should be denied.

While the Court recognizes that the pending Virginia action presents the same issues that Bluestone asserted in its counterclaim in this case, the interest of justice does not weigh

---

[1] Additionally, Bluestone passively asserts in a footnote that the first-to-file rule supports transfer given that the Virginia action was filed first. Portfolio responds that this assertion should be rejected inasmuch as Bluestone "waited months" before serving Portfolio in the Virginia action and service in this case was completed eight weeks before Bluestone served Portfolio in the Virginia action. Courts within this circuit "have observed that the Fourth Circuit has no unyielding first-to-file rule." *Gibbs v. Haynes Investments, LLC*, 368 F. Supp. 3d 901, 914 (E.D. Va. 2019) (internal quotations omitted) (collecting cases). Indeed, "[a]pplication of the rule is discretionary, not mandatory." *Harris v. McDonnell*, No. 5:13cv00077, 2013 WL 5720355, at *3 (E.D. Va. Oct. 18, 2013). Moreover, "[c]ourts within the Fourth Circuit have held that rigid application of the first-to-file rule is unwarranted when the second action was filed only weeks after the first action." *Quesenberry v. Volvo Grp. N. Am., Inc.*, No. CIV.A. 1:09CV00022, 2009 WL 648658, at *4 (W.D. Va. Mar. 10, 2009) (citing *Affinity Memory & Micro, Inc. v. K & Q Enterprises, Inc.*, 20 F. Supp. 2d 948, 955 (E.D. Va. 1998)). Inasmuch as the Virginia action was filed merely three weeks before the instant matter, the Court rejects Bluestone's contention that the first-to-file rule weighs in favor of transfer.

in favor of transfer. Indeed, given the Court's knowledge of West Virginia's detinue law, the procedural posture of the case, and the amount of time and judicial resources that have already been expended on this matter, the Court concludes that transfer would not promote systematic integrity or fairness.

### III.

Based on the foregoing discussion, the Court **DENIES** Bluestone's Motion to Transfer Venue [**Doc. 47**].

The Clerk is directed to send a copy of this written opinion and order to counsel of record and any unrepresented parties.

ENTERED: December 10, 2020



Frank W. Volk
United States District Judge